**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MERISSA TORO | : | |
| | : | |
| | : | No. |
| VS. | : | |
| | : | JURY TRIAL DEMANDED |
| THE LAW OFFICES OF FREDERICK | : | |
| I. WEINBERG & ASSOCIATES, P.C.: | | |

COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to Title VII and The Americans With Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

PARTIES

2. Plaintiff, Merissa Toro, is a Black person who suffers from a disability as defined by the ADA, and at all times relevant hereto, resides at 5426 Harbison Avenue, Philadelphia, PA 19124.

3.   Defendant, The Law Offices of Frederic I. Weinberg &
Associates, P.C., is a Pennsylvania Professional Corporation
with a registered business address in Pennsylvania located at
375 East Elm Street, Suite 210, Conshohocken, PA 19428.


                              FACTS

4.   Defendant employs more than 15 people.

5.   Plaintiff was first hired by defendant as a Collector
on or about October 29, 2013.

6.   On March 6, 2015, plaintiff was written up for
excessive absenteeism.

7.   On March 6, 2015, plaintiff met with Kenneth Smeltzer
(White Collection Manager) and Dawn Marshall (White Director of
Operations).

8.   At the aforesaid meeting, plaintiff explained that the
reasons for her absences were due to a medical condition, but
Ms. Marshall told her that she did not care about plaintiff's
medical condition and "it is not her problem," and that she " .
. . did not want to talk about it."

9.   Between January 1, 2015 and March 16, 2015, plaintiff
requested Family Leave of Absence pursuant to the firm policy as
an accommodation for her medical condition-- acute anxiety
reaction.  Plaintiff confirmed these requests through emails.

10.   This request for Family Leave of Absence was a reasonable request for accommodation for plaintiff's disability, because it was requested pursuant to the defendant's own policy.

11.   Plaintiff also sent two requests for accommodation for her disability on or about March 10, 2015 to Mr. Smeltzer and Ms. Marshall.

12.   Plaintiff was thereafter absent on March 16, 2015 due to the same medical condition/disability, and she brought in a doctor's note to excuse her absence, but she was told that the note was "not sufficient."

13.   On March 17, 2015, plaintiff was called into a meeting wherein defendant notified her that she was being terminated for nine (9) absences between January 1, 2015 and March 16, 2015.

14.   Plaintiff was treated disparately as compared to similarly situated White Collectors employed by defendant.

15. For example, Dan Houlne, a White Collector, who had been employed with defendant for only about nine (9) months, was absent eleven (11) days (six (6) days with an ear infection, five (5) days for his best friend's death) between January 1, 2015 and March 16, 2015, and he produced no doctor's note for an absence on March 16, 2015, yet he was not terminated by defendant.

16. Also, John Reed, White Collector employed by the defendant, was absent at least ten (10) days between January 1,

2015 and March 16, 2015, and about one (1) week each in both February 2015 and March 2015, yet he was not terminated by defendant.

17. Plaintiff was treated disparately as compared to her similarly situated White co-workers, in that neither of the White collectors were terminated by defendant despite their records of absenteeism, which were the same or worse than Plaintiff's records of absenteeism during the same time period.

18. Defendant's proffered reason for plaintiff's termination was false and was mere pretext to mask the true reason for her termination.

19. The true reason that plaintiff was terminated by defendant because she is Black, suffers from a disability and because she made a reasonable request for an accommodation for her disability.

20. At all times material hereto, defendant acted through its employees who had authority to hire, discipline and fire employees, including the plaintiff herein.

21. Defendant's employees intentionally treated plaintiff in a disparate manner and terminated plaintiff because of her race and disability and because she made a good faith request for an accommodation for her disability.

22. Plaintiff sustained damages as a result of the unlawful conduct of defendant.

COUNT 1- RACIAL DISCRIMINATION

23.  Plaintiff repeats paragraphs 1-22 as if more fully set forth herein.

24.  By and through its conduct, defendant violated Title VII by intentionally discriminating against plaintiff and treating her in a disparate manner by terminating her employment because of her race.


COUNT 2- DISABILITY DISCRIMINATION

25.  Plaintiff repeats paragraphs 1-24 as if more fully set forth herein.

26.  Plaintiff's disability, acute anxiety reaction, affected her major life activities including but not limited to sleeping, concentrating and working.

27.  By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff by terminating her employment because of her disability and her request for an accommodation for her disability.


COUNT 3- RETALIATION

28.  Plaintiff repeats paragraphs 1-27 as if more fully set forth herein.

29. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff by terminating her employment because she sought an accommodation for her disability.

WHEREFORE, plaintiff demands judgment against defendant and damages in an amount to be determined by a jury for pain and suffering, emotional distress, mental anguish, harm to reputation, lost income, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033
(215) 546-6269 (Fax)
Email: samueldion@aol.com

Date: _____, 2015        Attorneys for Plaintiff